**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROBERT SMITH, JR.,

    Plaintiff,

vs.                                   CASE NO. 3:12-cv-553-J-99MMH-TEM

CITY OF LAKE CITY, FLORIDA,

    Defendant.

_____

**O R D E R**

This case is before the Court on Defendant City of Lake City's Motion to Strike Paragraph 41 of Plaintiff's Amended Complaint (Doc. #19, Motion to Strike) and Plaintiff's Response to Defendant's Motion to Strike Paragraph 41 of Plaintiff's Amended Complaint (Doc. #20, Response).  Upon consideration and for the reasons stated, the Court finds Defendant's Motion to Strike is due to be granted.

***Motion to Strike***

Under Rule 12(f) of the Federal Rules of Civil Procedure, a district court may order stricken from the complaint any impertinent or immaterial matter.  *See* 5C Wright & Miller, *Federal Practice & Procedure* § 1380 at 390 (3d ed. 2004).  "The standard of review for a motion to strike is typically stringent, in that the motion is only granted in certain situations." *Judkins v. Bloomen Int'l, Inc.*, No. 8:09-CV-02538-T-17TBM, 2010 WL 2510065, at *2 (M.D. Fla. Jun. 21, 2010) (citing *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F.Supp.2d 1345, 1348 (M.D. Fla. 2002)).  Such circumstances include where the allegations are insufficient as a matter of law to succeed under provable facts.  *Id.*; *see also Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 690 (M.D. Fla. 2003).

Defendant's Motion to Strike was filed on August 6, 2012.[1]  Defendant seeks to strike paragraph forty-one (41) of the Amended Complaint (Doc. #15) because it purports to allege a pattern or practice claim, which Defendant asserts Plaintiff does not have authority to raise. Motion to Strike at 3.  In paragraph forty-one, Plaintiff alleges:

> Plaintiff is not the only black officer fired under circumstances in which race has been a factor. Plaintiff, Rudolph Davis, Christopher Hughes and other black officers have been fired by Defendant City or have quit due to disparate treatment. Caucasian officers have been given more favorable terms and conditions of employment by Defendant than their black counterparts. Defendant CITY discriminated against Plaintiff and other black employees on the basis of their race, African American, and the CITY retaliated against Plaintiff for participating in protected activity in violation of the statutes set forth above.[2]

Amended Complaint at ¶ 41.  Defendant asserts Plaintiff has no legal authority to bring a pattern or practice claim for declaratory and injunctive relief.  Motion to Strike at 3-4.  The Court agrees.

The Eleventh Circuit has determined that an individual plaintiff, or group of individual plaintiffs, cannot maintain a pattern or practice claim without certification of a class action. *Davis v. Coca-Cola Bottling Co., Consol.,* 516 F.3d 955, 969 (11th Cir. 2008).  In *Davis,* several plaintiffs together filed an employment discrimination case under Title VII of the Civil Rights

---

[1] Defendant filed a Motion to Strike Paragraph 41 of Plaintiff's original complaint (Doc. #9) on July 3, 2012.  The Court deemed that motion was moot when Plaintiff was granted leave to amend the original complaint (*see* Doc. #16, Court Order).  Defendant subsequently filed the instant Motion to Strike.

[2] In paragraph forty-one (41) of the original Complaint (Doc. #1), it was alleged:
> The CITY has also engaged in a pattern and practice of giving preference to Caucasian officers and enforcing different terms and conditions of employment for Caucasian officers than their black counterparts.  The CITY discriminated against Plaintiff and other black employees on the basis of their race, African American, and the CITY retaliated against Plaintiff for participating in protected activity in violation of the statutes set forth above.

Complaint, Doc. #1, ¶ 41.

Act of 1964, 42 U.S.C. § 2000e *et seq.,* and 42 U.S.C. § 1981. *Id.* at 961. Without seeking class certification, the plaintiffs alleged their employer, Coca-Cola, maintained a pattern or practice of discrimination, and plaintiffs sought declaratory and injunctive relief.[3] *Id.* The court found the plaintiffs lacked standing to seek such relief that would be afforded by a Rule 23[4] class action. *Id.* at 967. The court stated "only someone who claims he has been, or is likely to be, harmed by ongoing discriminatory practice has adequate stake in litigation to have standing to prosecute, on behalf of employee class, a class action asserting pattern or practice claim for declaratory and injunctive relief under Title VII." *Id.* at 965 (internal quotations omitted).

Here, Plaintiff brings this action as a single individual, alleging personal harm. Plaintiff does not enumerate a pattern or practice claim as a separate count in the Amended Complaint; however, Plaintiff alleges facts of a pattern or practice claim without labeling it as such. Although Plaintiff omitted the words "pattern and practice" in the Amended Complaint, he makes the general allegation that Defendant routinely discriminates against African American employees and claims Caucasian officers have been treated more favorably by Defendant than have other African American employees. Amended Complaint at ¶ 41. Importantly, Plaintiff also seeks declaratory and injunctive relief, which gives the appearance that Plaintiff is prosecuting a pattern or practice claim on behalf of African American

---

[3]Plaintiffs' claims of race discrimination boiled down to claims that Coca-Cola had a pattern or practice of subjectively hiring supervisors, in which qualified blacks were not meaningfully considered. *Davis*, 561 F.3d at 961.

[4]Federal Rule of Civil Procedure 23 provides the requirements to bring a class action. Section (b)(2) provides "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole . . ." Fed. R. Civ. P. 23.

individuals.[5]  *See Davis,* 516 F.3d at 969.  As Plaintiff may not prosecute a pattern or practice claim in this suit for individual harm, the allegations in paragraph forty-one are due to be stricken from the Amended Complaint as legally insufficient.[6]  *Davis*, 516 F.3d at 961-69.

The Court agrees with Plaintiff, however, that it is possible he *may be* permitted to submit evidence of other employees who have suffered the same type of alleged discrimination.  *See Goldsmith v. Bagby Elevator Co., Inc.,* 513 F. 3d 1261 (11th Cir. 2008) (finding district court did not abuse its discretion in admitting evidence of workplace discrimination against employees other than the plaintiff).  There is a significant distinction between admissible evidence and well pled allegations in a complaint.  While Plaintiff may discover evidence supportive of the allegations set forth in paragraph forty-one, he is not at liberty to bring claims restricted to class action lawsuits.

Thus, upon due consideration, Defendant City of Lake City's Motion to Strike (Doc. #19) is hereby **GRANTED**.  The Clerk shall strike paragraph forty-one (41) of the Amended Complaint from the record.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of October, 2012.

Copies to all counsel of record

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

---

[5] In pertinent part, the Amended Complaint states "Plaintiff prays for the following relief: . . .that this court enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein."  Amended Complaint at 18.

[6] The Court finds no significance that Plaintiff chose to insert these allegations within his Statement of Ultimate Facts, rather than set forth a separate count.